LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (Cal. Bar No. 215888)
brandon@bblocklaw.com
9440 Santa Monica Boulevard, Suite 301
Beverly Hills, California 90210
Telephone: 310.887.1440
Facsimile: 310.496.1420

Attorneys for Plaintiffs
LOLA BLOUNT and OTIS ANDRE THOMAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOLA BLOUNT and OTIS ANDRE THOMAS,<br><br>        Plaintiffs,<br><br>    vs.<br><br>SS AUTO INVESTMENT dba SS AUTO SALES, <u>et al.</u>,<br><br>        Defendants. | Case No. 2:21-cv-5805 PA (MAAx)<br><br>The Hon. Percy Anderson<br><br>**DECLARATION OF BRANDON A. BLOCK IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT SS AUTO INVESTMENT dba SS AUTO SALES**<br><br><u>Hearing:</u><br>Date:   November 29, 2021<br>Time:  1:30 p.m.<br>Ctrm.:  9A, 9th Floor |

BLOCK DECL. ISO MTN. FOR DEFAULT JUDGMENT

I, Brandon A. Block, declare as follows:

1. I am the founder and principal of Law Offices of Brandon A. Block, A Professional Corporation. My firm is counsel for plaintiffs Lola Blount and Otis Andre Thomas in this action. I have personal knowledge of the facts set forth in this declaration. If called as a witness, I could and would testify competently as to the facts set forth herein. All of the exhibits identified herein have been maintained by my firm in the ordinary course of its business.

2. I make this declaration in support of plaintiffs' Motion for Default Judgment Against defendant SS Auto Investment dba SS Auto Sales.

## I.   FED. R. CIV. P. 55(B)(2) AND L.R. 55-1 MATTERS

3. SS Auto Sales is not an infant or incompetent person.

4. The Soldiers' and Sailors' Relief Act of 1940 does not apply to this action.

5. Notice of plaintiffs' motion has been served upon SS Auto Sales, as evidenced the concurrently filed Proof of Service.

## II.   SS AUTO SALES' NOTICE OF THIS CASE

6. In addition to having been properly served with plaintiffs' Complaint, I believe that SS Auto Sales has notice of this case because, on August 18, 2021, I tried to reach "Sammy" Nader Sami at SS Auto Sales by telephone, but I was told he was unavailable. I was referred to SS Auto Sales' manager, Saul (the same person who received service of plaintiffs' Complaint, see Dkt. No. 15), and left a voicemail for him regarding this case. Also, on September 30, 2021, I spoke with Department of Motor Vehicles Investigator Hernando Ponce, who informed me that he was going to be recommending misdemeanor criminal charges be brought against SS Auto Sales for its violations of law with respect to plaintiffs and other consumers. I told Mr. Ponce about this case and asked him to pass on a message to SS Auto Sales to have its attorney or representative contact me regarding this case. I provided Mr. Ponce with my cellphone number. Mr. Ponce apparently relayed the request to SS

Auto Sales, as, on October 12, 2021, I received a phone call from Yesi Lex, an "assistant" of SS Auto Sales who told me she was asked to contact me. I informed Ms. Lex of the status of this case, and the importance of a representative of SS Auto Sales contacting me right away. Still, no one has.

### III.  ATTORNEY'S FEES AND COSTS REQUEST

#### A.  Background And Experience

7. I graduated from the University of Colorado in 1994, with a B.A. in History. I obtained my J.D. from the University of Florida in 1999. During law school, I was chosen as the Law Clerk for the 8th Judicial Circuit Law Clerk Program, and I received a "Book Award" for finishing first in my class in Family Law. I also served as Executive Articles Editor for *The Florida Journal of International Law*. I was admitted to the Florida Bar in 1999, and the California Bar in 2001, and I have been practicing law continually in California since 2001.

8. Prior to forming my own firm, I worked in the Litigation Departments of Stroock & Stroock & Lavan LLP (Summer Associate, 1998; 1999 to 2003), and Buchalter Nemer (2003 to 2007). During the years I was employed with Stroock and Buchalter, the firms were considered leaders in defending financial institutions in complex consumer protection matters. I was actively involved in defending dozens of individual, class and private attorney general actions brought under various state consumer protection laws, including California Business & Professions § 17200, the Rees-Levering Automobile Finance Act, the Rosenthal Fair Debt Collection Practices Act and the Vehicle Leasing Act, and numerous federal consumer protection laws, including the Truth-in-Lending Act, the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Practices Act and the Equal Credit Opportunity Act.

9. I started my own firm in 2007. Since its inception, my firm has focused almost entirely on consumer protection litigation, and the overwhelming majority of my practice has been representing consumers in disputes with lenders, finance

companies, banks and repossession companies regarding loans and contracts secured by motor vehicles. Since 2007, I have become a well-known specialist in representing consumers in FDCPA and wrongful repossession claims, as well as in unlawful business practice claims related to defective post-repossession notices. I have successfully litigated to conclusion well over 100 cases for consumers, and through my firm's class and individual actions, we have provided substantial meaningful relief to over 45,000 California consumers.

10. Some of the key consumer rights cases my firm has successfully litigated to conclusion are:

- Miranda v. Simple Case Loans, Inc. (Los Angeles County Superior Court (Complex Division) Case No. BC580634, the Honorable Ann I. Jones), a California Finance Lenders Law ("FLL") and Commercial Code post-repossession notice class action. The court-approved settlement in Miranda involved a waiver of 100% of the alleged deficiency balances on automobile loan accounts (approximately $800,000), restitution of 85% of the amounts class members paid the defendant on deficiency balances, and clearing of any credit reporting of the affected accounts.

- Rymer v. PRA Receivables Management, LLC (Los Angeles County Superior Court (Complex Division) Case No. BC571945, the Honorable Lisa Hart Cole), a FLL post-repossession notice class action. The court-approved settlement in Rymer involved a waiver of 100% of the alleged deficiency balances on automobile loan accounts (approximately $800,000), and an agreement by the defendant to never seek collection on the deficiency balances or report any of the affected accounts to credit reporting agencies.

- Rodriguez v. Pan American Bank (Los Angeles County Superior Court (Complex Division) Case No. BC512614, the Honorable Elihu M. Berle), a Rees-Levering Automobile Sales Finance Act and Commercial Code post-repossession notice class action. The court-approved settlement in Rodriguez

involved a waiver of 100% of the alleged deficiency balances on automobile finance accounts (approximately $900,000), restitution of 100% of the amounts class members paid the defendant on deficiency balances, and clearing of any credit reporting of the affected accounts.

- Platter v. Trading Financial Credit, LLC (Los Angeles County Superior Court (Complex Division) Case No. BC519671, the Honorable Elihu M. Berle), a FLL and Commercial Code post-repossession notice class action. The court-approved settlement in Platter involved a waiver of 100% of the alleged deficiency balances on automobile loan accounts (approximately $1 Million), restitution of 100% of the amounts class members paid the defendant on deficiency balances, and clearing of any credit reporting of the affected accounts.

- Vitrano v. Santander Consumer USA, Inc. (United States District Court for the Central District of California Case No. 2:13-cv-02492-AB-MRW, the Honorable André Birotte Jr.), a Rees-Levering Act post-repossession notice class action. The court-approved settlement in Vitrano involved a waiver of 100% of the alleged deficiency balances on automobile finance accounts (approximately $200 Million), restitution of 60% of the amounts class members paid the defendant on deficiency balances, and clearing of any credit reporting of the affected accounts.

- Parham v. DT Credit Corporation (Los Angeles Superior Court Case No. BC419499, the Honorable Mel "Red" Recana), a Rees-Levering Act post-repossession notice class action. The court-approved settlement in Parham involved a waiver of 100% of the alleged deficiency balances on automobile finance accounts (approximately $90 Million), restitution of hundreds of thousands of dollars to class members who paid the defendant on deficiency balances, and clearing of any credit reporting of the affected accounts.

- Harding, et al. v. A-L Financial Corporation (Los Angeles Superior Court (Complex Division) Case No. BC429557, the Honorable Jane L. Johnson), a Rees-Levering Act class action addressing the defendant's failure to comply with the

Act's provisions regarding deferred installment payments. After plaintiffs prevailed on class certification and obtained summary judgment, the case settled for a payment by the defendant to the class of over $250,000 in restitution.

- <u>Godfrey v. Hyundai Motor Finance Company</u> (Los Angeles Superior Court Case No. BC373078, the Honorable Maureen Duffy Lewis), a Rosenthal Fair Debt Collection action on behalf of several persons subjected to severe debt collector harassment, including police impersonation. The case settled for payment of $100,000 to the four named plaintiffs, and stopped an illegal business operation that threatened to harm scores of consumers.

- <u>Clark v. Par, Inc.</u> (United States District Court for the Central District of California Case No. 2:15-cv-02322-MWF-FFM, the Honorable Michael W. Fitzgerald), a putative class action brought against one of, if not, the largest auto repossession company in the United States, based on its alleged failure to obtain appropriate repossession licenses. The case broke new ground in establishing that so-called "repossession forwarders" are subject to the Fair Debt Collection Practices Act.

11. My dedication to consumer law and efforts on behalf of the general public have been recognized by the California legal community. Among other accolades, I have been named a Rising Star by SuperLawyers in the area of consumer protection law.

12. Additionally, I have been and am actively involved in organizations seeking to promote the interests of consumers through public interest litigation, including the National Association of Consumer Advocates, a non-profit corporation comprised of private and public sector attorneys, legal services attorneys, law professors and students, whose primary practice or interests involve the protection and representation of consumers. The primary goals of NACA are to promote justice for all consumers by maintaining a forum for information sharing among consumer

advocates across the country, and to serve as a voice for its members as well as consumers in the endeavor to curb unfair and abusive business practices.

**B.     Hourly Billing Rate**

13.     My hourly billing rate on this matter has been and is $625.

14.     I am familiar with the hourly rates charged by lawyers and law firms in the Los Angeles area for non-contingent civil litigation of comparable complexity. I know that my contemporaries at firms like Stroock and other major firms bill at rates in excess of my hourly rate. For example, Carolee A. Hoover, a partner at McGuire Woods with less experience than me, billed at $690 per hour in 2019. See Exhibit 1 hereto (Declaration of Chris M. McDonald in Support of Cross-Defendant VW Credit, Inc.'s Opposition to Defendant/Cross-Complainant Jillian Speer's Motion to Compel, Los Angeles Superior Court, Case No. SC128784); see also https://www.mcguirewoods.com/people/h/carolee-anne-hoover (showing that Ms. Hoover graduated law school in 2005).

15.     Additionally, a Wall Street Journal article dated February 9, 2016 found that "A review of filings over the past three months in about two dozen bankruptcy cases shows that senior partners routinely charge between $1,200 and $1,300 an hour, with top rates at several large law firms exceeding $1,400. Proskauer Rose LLP's hourly partner billing rate has climbed as high as $1,475, while Ropes & Gray LLP's tops out at $1,450, court papers show. Kirkland & Ellis LLP's top hourly billing rate is now $1,445. And rates at two firms – Akin Gump Strauss Hauer & Feld LLP and Skadden, Arps, Slate, Meagher & Flom LLP – peak at $1,425 an hour." The article also noted that in a survey of in-house legal departments by BTI Consulting Group, 38% of respondents had paid more than $1,000 an hour for a lawyer, and the highest rate those in the survey paid was $1,600 an hour. The WSJ article may be found at https://www.wsj.com/articles/legal-fees-reach-new-pinnacle-1-500-an-hour-1454960708.

16. Thus, I believe that my requested hourly rate is reasonable and representative of the rates charged by comparable lawyers in the Los Angeles area in fees-for-services cases.

17. My hourly rates consistently have been approved by the courts over the years. For example:

- In <u>Lord v. CARS Recovery, Inc.</u> (United States District Court for the Central District of California Case No. CV 18-02076 FMO (FFMx)), Judge Fernando M. Olguin approved my 2018 and 2019 hourly rates of $550 and $600, respectively, on a contested fee application in an individual action brought to address defendant's alleged wrongful repossession of plaintiff's vehicle.

- In <u>Miranda v. Simple Cash Loans, Inc.</u>, Judge Jones of the Los Angeles County Superior Court Complex Division approved my 2016 hourly rate of $525 as reasonable and representative of the prevailing rate for private attorneys in the Los Angeles community conducting non-contingent litigation of the same type.

- In <u>Rymer v. PRA Receivables Management, LLC</u>, Judge Cole of the Los Angeles County Superior Court Complex Division approved my 2016 hourly rate of $525 as reasonable and representative of the prevailing rate for private attorneys in the Los Angeles community conducting non-contingent litigation of the same type.

- In <u>Archer v. Los Angeles Federal Credit Union</u>, Judge Johnson of the Los Angeles County Superior Court Complex Division approved my 2014 and 2015 hourly rates of $490 and $510, respectively, as reasonable and representative of the prevailing rate for private attorneys in the community conducting non-contingent litigation of the same type.

- In <u>Vitrano v. Santander Consumer USA</u>, Judge Birotte approved my 2013 and 2014 hourly rates of $465 and $490, respectively.

- In <u>Rodriguez v. Pan American Bank</u>, Judge Berle of the Los Angeles County Superior Court Complex Division approved my 2013 and 2014 hourly rates

of $465 and $490, respectively, as reasonable and representative of the prevailing rate for private attorneys in the community conducting non-contingent litigation of the same type.

- In <u>Platter v. Trading Financial</u>. Judge Berle approved my 2013 and 2014 hourly rates of $465 and $490, respectively, as reasonable and representative of the prevailing rate for private attorneys in the community conducting non-contingent litigation of the same type.

- In <u>Travis v. Consumer Portfolio Services, Inc.</u> (Sacramento Superior Court Case No. Case No. 34-2012-00131362, the Honorable David Brown), after a contested fee application in an individual action brought to address defendant's debt collection harassment of plaintiff, Judge Brown approved my 2012 and 2013 hourly rates of $425 and $465, respectively, as reasonable and representative of the prevailing rate for private attorneys in the Los Angeles community conducting non-contingent litigation of the same type.

- In <u>Harding, et al. v. A-L Financial Corporation</u>, Judge Johnson approved my 2012 hourly rate of $425 as reasonable and representative of the prevailing rate for private attorneys in the community conducting non-contingent litigation of the same type.

- In <u>Parham v. DT Credit Corporation</u>, Judge Recana approved my 2009 hourly rate of $375 as "more than reasonable," and Judge Recana approved a total fee award of $375,000 to class counsel, using a 3.7 multiplier. Notably, Judge Recana approved my co-counsel's hourly rate of $590 as reasonable. At the time, my co-counsel had 19 years' experience, one year less than me now.

- In <u>Godfrey v. Hyundai Motor Finance Company</u>, after a contested fee application in an individual case to address defendants' unfair debt collection practices, Judge Duffy-Lewis found my 2009 hourly rate of $375 was reasonable and representative of the prevailing rate for private attorneys in the community conducting non-contingent litigation of the same type. Judge Duffy-Lewis multiplied

8
BLOCK DECL. ISO MTN. FOR DEFAULT JUDGMENT

my base lodestar by 1.5 times, for an effective rate of $562.50 per hour, and approved a total fees and costs award in excess of $200,000.

## C. Lodestar Calculation

18. I keep detailed, computerized time records for all of my clients. It is my practice to record time using Harvest, an online time and expense tracking software (https://www.getharvest.com). I enter time in Harvest contemporaneously, rounded up to the nearest one-tenth of an hour. Attached hereto as Exhibit 2 is a true and correct copy of an invoice from Harvest showing that I spent 27.60 hours on this matter to date, excluding any time solely related to plaintiffs' claims against defendant Hudson Insurance Company ("HIC"). Multiplying my hourly rate times the total hours spent on this matter, my lodestar is $17,250.

19. I respectfully request that the Court deviate from the fee schedule in Local Rule 55-3 in awarding attorney's fees on plaintiffs' motion.

## D. Plaintiffs' Litigation Costs

20. It is my practice to also record expenses contemporaneously using Harvest. Attached hereto as Exhibit 3 is a true and correct copy of an invoice from Harvest showing that my firm incurred costs of $484.60 in costs on this matter to date, excluding any costs solely related to plaintiffs' claims against HIC. All of the costs sought herein were reasonably and necessarily incurred by my firm, and my firm has charged all of these items at cost, without markup, which is the same practice we would use with respect to any fee-paying client.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 25, 2021 at Beverly Hills, California.

/s/ Brandon A. Block
Brandon A. Block