UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5805 PA (KSx) | | Date | November 24, 2021 |
|---|---|---|---|---|
| Title | Lola Blount, et al. v. SS Auto Investment, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | | Not Reported | N/A |
| Deputy Clerk | | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: | |
| None | | None | |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Default Judgment filed by plaintiffs Lola Blount ("Blount") and Otis Andre Thomas ("Thomas") (collectively "Plaintiffs") (Docket No. 28). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for November 29, 2021, is vacated, and the matter taken off calendar.

**I.     Background**

According to the Complaint, Plaintiffs purchased an automobile from defendant SS Auto Investment d/b/a SS Auto Sales ("SS Auto"), on March 19, 2021. As part of the purchase, Blount made a down payment of $3,800.00. To finance the remainder of the purchase, Plaintiffs applied for an extension of credit from SS Auto or a finance company selected by SS Auto. Plaintiffs allege that SS Auto could cancel the purchase contract if SS Auto was unable to assign the contract to a finance company so long as SS Auto provided Plaintiffs with written or actual notice of SS Auto's intent to cancel within 10 days of the purchase.

The Complaint alleges that employees of SS Auto contacted Plaintiffs on April 15 and 16, 2021, and told Plaintiffs that they had to bring the vehicle back to SS Auto for a smog check and to verify the vehicle identification number ("VIN"). When Plaintiffs brought the vehicle back to SS Auto on April 19, 2021, and contrary to the representations of SS Auto's employees, SS Auto repossessed the vehicle. Plaintiffs allege that SS Auto's conduct and the repossession of their vehicle was wrongful because SS Auto never provided Plaintiffs with written or actual notice of its intent to cancel the contract, SS Auto never sent Plaintiffs written notice stating that the credit they had applied for had been denied, Plaintiffs were not in default at the time of the repossession, and the repossession, by using trickery and deception, was completed in breach of the peace.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5805 PA (KSx) | Date | November 24, 2021 |
|---|---|---|---|
| Title | Lola Blount, et al. v. SS Auto Investment, et al. | | |

    The Complaint asserts claims against SS Auto for: (1) violations of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691a; (2) violations of the Rees-Levering Automobile Sales Finance Act ("RLA"), Cal. Civ. Code § 2981; (3) violations of the Rosenthal Fair Debt Collections Practices Act ("RFDCPA"), Cal. Civ. Code § 1788; (4) breach of contract; (5) conversion; and (6) fraud. The Complaint also asserts a claim against defendant Hudson Insurance Company ("Hudson Insurance") pursuant to California Vehicle Code section 11711, for recovery on a $50,000.00 surety bond Hudson Insurance issued to SS Auto. The Court's subject matter jurisdiction is premised on the ECOA claim pursuant to 28 U.S.C. § 1331. The Court possesses supplemental jurisdiction over the remaining claims. See 28 U.S.C. § 1367; see also Compl. ¶ 1.

    Only Hudson Insurance has appeared in the action. According to the Proof of Service filed by Plaintiffs, Plaintiffs served SS Auto on July 20, 2021. SS Auto has not timely filed an Answer or otherwise appeared in this action. The Clerk entered SS Auto's default on August 13, 2021. The Court, on October 5, 2021, concluded that the situation presented in this action satisfies the circumstances allowing for the entry of a Judgment against SS Auto pursuant to Federal Rule of Civil Procedure 54(b) despite the claim pending against Hudson Insurance. The Court therefore directed Plaintiffs to file a Motion for Default Judgment against SS Auto, which they did on October 25, 2021. To date, despite being served with notice of this Motion, and the expiration of its time to do so, SS Auto has not filed an Opposition.

**II.**    **Discussion**

    **A.**    **Liability**

    Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment. The Court need not make detailed findings of fact in the event of a default judgment. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990). The general rule is that upon entry of a default, well-pleaded allegations in the complaint regarding liability are deemed true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977) (per curiam). Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5805 PA (KSx) | Date | November 24, 2021 |
|---|---|---|---|
| Title | Lola Blount, et al. v. SS Auto Investment, et al. | | |

Here, the Court finds that these factors weigh in favor of granting Plaintiffs' Motion. In light of the well-pleaded allegations in the Complaint and SS Auto's failure to answer or otherwise participate in the action, Plaintiffs' interest in an efficient resolution of this case outweighs SS Auto's interest in adjudication on the merits. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."). In addition, there is "no indication that Defendants' default is due to excusable neglect, or that the material facts are in dispute." Halsey v. Colonial Asset Management, 13-cv-02025, 2014 WL 12601015, at *2 (C.D. Cal. July 17, 2014).

**B.  Damages**

While liability allegations are deemed admitted in a motion for default judgment, damage allegations in the complaint are not. Geddes, 559 F.2d at 560. Plaintiffs requests an award of actual damages, statutory damages, and punitive damages. Plaintiffs' ECOA claim allows for the recovery of "punitive damages in an amount not greater than $10,000, in addition to any actual damages . . . ." 15 U.S.C. § 1691e(b). The Complaint's RFDCPA claim allows for the recovery of actual damages and, for "any debt collector who willfully and knowingly violates [the RFDCPA] with respect to any debtor, shall . . . also be liable to the debtor . . . for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)." Cal. Civ. Code § 1788.30(b).

In their Motion for Default Judgment, Plaintiffs seek a total damages award of $82,721.96, which consists of the following amounts:

> (1) $3,800.00 for the lost down payment;
> (2) $224.59 for the insurance premium paid for the repossessed vehicle;
> (3) $212.73 in lost income;
> (4) $1,233.00 in cash and personal property that was in the car when it was repossessed;
> (5) $3,200.00 in loss of use of the vehicle during the month it took Plaintiffs to replace the repossessed vehicle;
> (6) $51.64 in ride-sharing expenses;
> (7) $50,000.00 for emotional distress ($25,000.00 for each plaintiff);
> (8) $4,000.00 in statutory damages ($1,000.00 for each plaintiff pursuant to the RDFCPA, and $1,000.00 for each plaintiff pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k(a)(2)); and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5805 PA (KSx) | Date | November 24, 2021 |
|---|---|---|---|
| Title | Lola Blount, et al. v. SS Auto Investment, et al. | | |

      (9)    $20,000.00 in punitive damages pursuant to the ECOA ($10,000.00 for each plaintiff).

The Court concludes that Plaintiffs have provided satisfactory evidence in support of the award of $3,800.00 for the lost down payment, $224.59 for insurance, $212.73 in lost income, $1,233.00 in cash and personal property in the vehicle when it was repossessed, $3,200.00 for loss of use of the vehicle, and $51.64 in ride-sharing expenses.

     The Court additionally concludes, however, that the amount of Plaintiffs' request for emotional distress damages, statutory damages under the RFDCPA and FDCPA, and punitive damages under the ECOA are not adequately supported. In assessing the amount of statutory damages under the RFDCPA and FDCPA, courts should "consider the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." Myers v. LHR, Inc., 543 F. Supp. 2d 1215, 1218 (S.D. Cal. 2008) (citing 15 U.S.C. § 1692k(b)(1)). Specifically, although damages under the RFDCPA and FDCPA are cumulative, see Cal. Civ. Code § 1788.32 ("The remedies provided herein are intended to be cumulative and are in addition to other procedures, rights, or remedies under any other provision of law."), Plaintiffs' Complaint did not assert a claim brought pursuant to the FDCPA. Because Plaintiffs did not allege a claim for violations of the FDCPA, the Court will not award statutory damages pursuant to the FDCPA. The Court will, however, award the maximum $1,000.00 in statutory damages to each plaintiff for SS Auto's violations of the RFDCPA.

     The Court further concludes that Plaintiffs are not entitled to the maximum $10,000.00 in punitive damages allowable under the ECOA. Indeed, Plaintiffs' ECOA claim is premised on SS Auto's failure to provide timely written notice of the denial of the extension of credit. See 15 U.S.C. § 1691(d). The Court concludes, in the exercise of its discretion, that the nature of SS Auto's violation justifies an award of $500.00 to each plaintiff for a total award of $1,000.00 in punitive damages for the ECOA claim. The Court similarly concludes that Plaintiffs' request for an award of $25,000.00 in emotional distress for each plaintiff is not adequately supported by the evidence presented in support of the Motion for Default Judgment or the circumstances alleged in the Complaint. Unlike situations involving prolonged harassment in violation of the RFDCPA or FDCPA, which has justified awards in the range of the amount sought by Plaintiffs, the circumstances here involve a limited number of false representations over a short period of time. See, e.g., Morisaki v. Davenport, Allen & Malone, Inc., 9-cv-0298, 2010 WL 3341566, at *4 (E.D. Cal. Aug. 23, 2010) (awarding plaintiff $73,000 in emotional distress damages for FDCPA and Rosenthal Act claims); Panahiasl v. Gurney, 4-cv-04479, 2007 WL 738642, at *2 (N.D. Cal. Mar. 8, 2007) (awarding plaintiff $50,000 in actual damages due to emotional distress

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5805 PA (KSx) | Date | November 24, 2021 |
|---|---|---|---|
| Title | Lola Blount, et al. v. SS Auto Investment, et al. | | |

arising from FDCPA violations). While the Court does not have reason to doubt the truthfulness of the evidence submitted in support of the emotional distress damages sought by Plaintiff, the Court concludes, in the exercise of its discretion, that an award of $5,000.00 in emotional distress damages for each plaintiff is justified in these circumstances. The Court therefore awards a total of $10,000.00 in emotional distress damages to Plaintiffs.

For all of the foregoing reasons, the Court concludes that Plaintiffs are entitled to a total damages award of $21,721.96.

### C. Attorneys' Fees and Costs

Finally, Plaintiff seeks an award of attorneys' fees in the amount of $8,712.50. "Generally, litigants in the United States pay their own attorneys' fees, regardless of the outcome of the proceedings." Staton v. Boeing Co., 327 F.3d 938, 965 (9th Cir. 2003). However, "[i]n order to encourage private enforcement of the law . . . Congress has legislated that in certain cases prevailing parties may recover their attorneys' fees from the opposing side." Id. Both the ECOA and RFDCPA allow for the recovery of reasonable attorneys' fees to a successful consumer. See 15 U.S.C. § 1691e(d); Cal. Civ. Code § 1788.30(c). While Local Rule 55-3 provides a schedule of fees in the event of default judgment, "[i]f a party seeks a fee 'in excess of' the schedule and timely files a written request to have the fee fixed by the court, then the court must hear the request and award a 'reasonable' fee . . . . When a party invokes that process, the court is obliged to calculate a 'reasonable' fee in the usual manner, without using the fee schedule as a starting point." Vogel v. Harbor Plaza Ctr., LLC, 893 F.3d 1152, 1159 (9th Cir. 2018).

To determine reasonable attorneys' fees, district courts first calculate the "lodestar" by multiplying the number of hours reasonably spent by a reasonable hourly rate. Pierce v. County of Orange, 905 F. Supp. 2d 1017, 1025 (C.D. Cal. 2012). The burden is on the party seeking fees to submit evidence supporting the hours worked and rates claimed. Gates v. Gomez, 60 F.3d 525, 534 (9th Cir. 1995). "In a case in which a defendant fails to appear or otherwise defend itself . . . the burden of scrutinizing an attorney's fee request . . . shifts to the court." Vogel, 893 F.3d at 1160 (citing Tuli v. Republic of Iraq, 172 F.3d 707, 712 (9th Cir. 1999)). Once the lodestar is determined, the Court then considers whether the lodestar amount should be adjusted to accurately reflect a reasonable fee by looking at the factors discussed in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975). See Morales v. City of San Rafael, 96 F.3d 359, 363-64 (9th Cir. 1996). "There is a strong presumption that the lodestar figure represents a reasonable fee. Only in rare instances should the lodestar figure be adjusted on the basis of other considerations." Id. at 363 n.8. Here, Plaintiffs are the prevailing parties, and an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5805 PA (KSx) | | Date | November 24, 2021 |
|---|---|---|---|---|
| Title | Lola Blount, et al. v. SS Auto Investment, et al. | | | |

award of attorneys' fees is appropriate. See Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134-37 (9th Cir. 2002).

In their Motion, Plaintiffs seek an award of attorneys' fees in the amount of $17,250.00, consisting of 27.60 hours of work performed by Plaintiffs' counsel at an hourly rate of $625.00. In support of the requested attorneys' fees, Plaintiffs have submitted their counsel's billing records, which Plaintiffs' counsel states excludes time "spent exclusively on plaintiffs' claims against" Hudson Insurance, evidence of other fee awards obtained by Plaintiffs' counsel, and a description of Plaintiffs' counsel's experience. The Court concludes, based on the evidence presented, that Plaintiffs' counsel has adequately substantiated his $625.00 hourly rate. The Court's review of the billing record similarly supports the reasonableness of the amount of time expended to prosecute Plaintiffs' claims against SS Auto, with the exception of 0.4 hours related to communications involving a Department of Motor Vehicle Investigation, which does not have a sufficient connection to the claims advanced in this litigation, and 1.0 hours preparing the Federal Rule of Civil Procedure 26(f) Report, because SS Auto's failure to appear means that the preparation for the scheduling conference relates to Plaintiffs' claim against Hudson Insurance. The Court therefore concludes that $16,375.00 is a reasonable amount of attorneys' fees for the claims asserted against SS Auto. Finally, the Court awards Plaintiffs their requested $484.60 in costs for the filing fee and service costs.

**Conclusion**

For the foregoing reasons, the Court grants Plaintiffs' Motion for Default Judgment. The Court awards Plaintiffs $21,721.96 in damages, $16,375.00 in attorneys' fees, and $484.60 in costs against SS Auto.

The Court has only supplemental jurisdiction over Plaintiffs' remaining state law claim against Hudson Insurance. Once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies." Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555 56 (9th Cir. 1994). The Court may decline supplemental jurisdiction under § 1367(c) if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-5805 PA (KSx) | Date | November 24, 2021 |
|---|---|---|---|
| Title | Lola Blount, et al. v. SS Auto Investment, et al. | | |

    Here, the Court has resolved the only federal claim over which it has original jurisdiction and the other claims against the one defendant against which that federal claim was asserted. Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claim against Hudson Insurance. See 28 U.S.C. § 1367(c)(3). The Court therefore dismisses Plaintiffs' remaining claim against Hudson Insurance without prejudice. Pursuant to 28 U.S.C. § 1367(d), this Order acts to toll the statute of limitations on Plaintiffs' state law claim against Hudson Insurance for a period of thirty (30) days, unless state law provides for a longer tolling period. The Court will issue a Judgment consistent with this Order.

    IT IS SO ORDERED.